**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-7151

FRANCIS PARKS-EL,

                                          Plaintiff - Appellant,

          versus

RUFUS FLEMING, Regional Director; SHELLY
ROBERTSON, Treatment of Programs Supervisor;
MICHAEL W. HARRELL, Chaplain; JAMES V. BEALE,
Warden; MARVIN LEE, Major; CHARLES ALLEN,
Assistant Warden of Operation; WILLIETTE
COPELAND, Associate Warden of Programs; DAVID
CLARKE, Operation Officer; CARL E. FLOWERS,
Treatment of Programs Supervisor; SANDRA
BEALE, Institutional Ombudsman; TIMOTHY
DARDEN, Sergeant/Investigator,

                                          Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  James C. Cacheris, Senior
District Judge.  (1:06-cv-00317-JCC)

Submitted:  November 22, 2006        Decided:  January 10, 2007

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per
curiam opinion.

Francis Parks-El, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francis Parks-El appeals from the dismissal of his civil rights complaint for failure to state a claim under the Free Exercise Clause of the First Amendment, the Religious Land Use and Institutionalized Persons Act, Pub. L. No. 106-274, 114 Stat. 804, 42 U.S.C. § 2000cc-1(a) (2000) ("RLUIPA"), and the Equal Protection Clause of the Fourteenth Amendment. We have reviewed the record and find no reversible error in the district court's dismissal of Parks-El's equal protection claim. Accordingly, we affirm the dismissal of that claim for the reasons stated by the district court. See Parks-El v. Fleming, No. 1:06-cv-00317-JCC (E.D. Va. June 13, 2006). With regard to Parks-El's First Amendment and RLUIPA claims, we vacate the district court's dismissal and remand for further proceedings.[*]

This court reviews de novo a district court's dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) (2000). Slade v. Hampton Roads Reg'l Jail, 407 F.3d 243, 248 (4th Cir. 2005) (citing Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)). A court should not dismiss a complaint for failure to state a claim unless "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it

---

[*]No part of this opinion should be read as an indication of our assessment of the merits of Parks-El's claims, as we conclude only that they were prematurely dismissed.

- 3 -

appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief."  Slade, 407 F.3d at 248 (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

Parks-El alleged that on October 18, 2005, he received a memorandum from Chaplain Michael Harrell, informing Parks-El that he and another inmate had been suspended from attending all chapel functions for a period of sixty days.  According to the memorandum, Parks-El was suspended from all chapel services, "including but not limited to their religious services," due to his involvement in the posting of unauthorized flyers in the inmate housing units.  The flyers promoted an unauthorized gathering that had previously been denied by the Chaplain.  Parks-El alleged that he had nothing to do with the unauthorized posting.  Parks-El contends that after he was told by prison officials that the investigation into the infraction was ongoing, he was eventually informed by the investigating officer that the investigation already had been completed by October 18, 2005, and that Parks-El had been cleared of any wrongdoing.  Nevertheless, the suspension apparently continued through December 17, 2005.  While Parks-El appeared to have exhausted his available administrative remedies in order to get the suspension reversed, he was ultimately unsuccessful.

Parks-El contends the suspension prevented him from attending chapel services during a period that overlapped with Ramadan, the

Holy Month of Fasting.  According to Parks-El, participation in Ramadan is "a Divine Law from Allah" to which all Muslims must adhere.  However, because of the suspension, Parks-El was prevented from participating in Ramadan with fellow Muslims in congregational prayers, specifically the Eid-ul-Fitr prayer, which, Parks-El asserts, is a "must" for all Muslims because it completes the period of Ramadan.  Parks-El contends that he was thus unable to properly complete the period of fasting during Ramadan, which is required for Muslims under the Qur'an.

Section 3 of the RLUIPA provides, in part, that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the burden furthers "a compelling governmental interest," and does so by the "least restrictive means."  42 U.S.C. § 2000cc-1(a).  The petitioner has the burden of persuasion as to whether the government action substantially burdens his exercise of religion.  <u>Adkins v. Kaspar</u>, 393 F.3d 559, 567 n.32 (5th Cir. 2004), <u>cert. denied</u>, 125 S. Ct. 2549 (2005); <u>Civil Liberties for Urban Believers v. Chicago</u>, 342 F.3d 752, 760 (7th Cir. 2003).  Once the petitioner establishes a substantial burden, the Government bears the burden of persuasion that its practice is in furtherance of a compelling government interest and is the least restrictive means of furthering that interest.  <u>Adkins</u>, 393 F.3d at 567 n.32.

- 5 -

The RLUIPA defines the term "religious exercise," to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A). The Supreme Court has stated that the "exercise of religion" includes not only belief and profession, "but the performance of . . . physical acts [such as] assembling with others for a worship service [or] participating in sacramental use of bread and wine." Cutter v. Wilkinson, 544 U.S. 709, 720 (2005) (internal citations and quotations omitted). In the present case, it is the act of assembling with others for the purpose of worshiping together that is the religious exercise at issue, not merely the act of worship generally. Accordingly, the RLUIPA analysis in this case must focus on whether the religious practice of a required congregational prayer was substantially burdened, rather than on whether Parks-El's religious profession as a whole was substantially burdened.

In "substantial burden" determinations, the religious practice does not have to be mandated by the religion in order for the burden to be found "substantial," as the text of the RLUIPA makes clear. 42 U.S.C. § 2000cc-5(7)(A); see also Adkins, 393 F.3d at 570 (petitioner has burden of demonstrating that the religious practice at issue is important to the free exercise of his religion). However, the fact that a particular practice is in fact mandated is "surely relevant" to determining whether the burden is

- 6 -

substantial. <u>Ford v. McGinnis</u>, 352 F.3d 582, 593 (2d Cir. 2003) (defining "substantial burden" for First Amendment claims). Parks-El explicitly professes that the Eid-ul-Fitr prayer was central to his Muslim faith, and he asserts that such prayer had to be performed congregationally.

Parks-El has identified a specific religious practice, the congregational Eid-ul-Fitr prayer, and has asserted that he was unable to perform the prayer because he was barred from the chapel. Parks-El contended that the prohibition forced him to modify his religious behavior, as he was unable to perform a required prayer, and that this constituted a violation of his religious beliefs, as this prayer is a central requirement of the Muslim faith. <u>See</u> <u>Adkins</u>, 393 F.3d at 570. Parks-El has alleged that these burdens are "significant," as the inability to perform the required prayer prevented him from properly completing his observance of Ramadan. <u>Id.</u> After reviewing Parks-El's complaint and drawing all reasonable factual inferences in his favor, and in light of the standards imposed for review of civil rights complaints submitted by pro se petitioners, we find that Parks-El has alleged sufficient facts to withstand summary dismissal of his RLUIPA claim and, by extension, his free exercise claim, to which the district court applied the same analysis.

In sum, we affirm the district court's dismissal of Parks-El's equal protection claim, vacate the dismissal of his

RLUIPA and free exercise claims, and remand for further proceedings. We also deny Parks-El's "Motion for Production of Document." We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>VACATED AND REMANDED IN PART</u>